# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWTIS DONALD RHODEN,<br><br>              Plaintiff,<br><br>     vs.<br><br>STEPHEN W. MAYBERG, et al.,<br><br>              Defendants. | Case No. 1:07-cv-01151-LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT CERTAIN CLAIMS BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.<br><br>(Doc. 3) |

Plaintiff Lawtis Donald Rhoden ("plaintiff") is a civil detainee housed at Coalinga State Hospital, and is proceeding pro se and in forma pauperis. Plaintiff is proceeding on his complaint filed August 8, 2007 against defendants Mayberg, McClain, and Maynard ("defendants") for violation of the Due Process Clause of the Fourteenth Amendment. On August 8, 2007, plaintiff also filed a motion seeking a temporary restraining order or preliminary injunctive relief. (Doc. 3.) Defendants filed an opposition on April 14, 2008, and plaintiff filed a reply on May 8, 2008. (Docs. 18-20).

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable

1

injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

This action is currently proceeding against defendants for violation of the Fourteenth Amendment. Plaintiff alleges that defendants intend to confiscate his personal laptop computer in the near future, and in the instant motion, plaintiff seeks an order enjoining defendants from so doing.[1] (Docs. 1, 3.)

Plaintiff contends that Department of Mental Health Administrative Directive #654, dated July 28, 2006, allows patients to purchase personal laptop computers, and that he in fact purchased a laptop computer for personal use. Plaintiff contends that at the time of filing, the administrative staff at Coalinga State Hospital ("CSH") were planning to confiscate his laptop and all others owned by patients in the near future. Plaintiff contends that CSH issued a memorandum dated February 28, 2006 [2], detailing the procedure for the disposition of existing individual-owned equipment. Plaintiff further contends that in July 2007 defendant Maynard submitted a declaration in a state court action ("State Court Declaration") wherein he attests that in August 2007 patient laptop computers will be considered contraband and confiscated. Plaintiff states that he requires his laptop in order to work on his sex offender treatment, to prepare his case for trial, and to draft correspondence.

In opposition, defendants contend that there is no current effort by CSH to confiscate or otherwise take plaintiff's laptop computer. In addition to submitting a copy of the February 28, 2007 Memorandum and the State Court Declaration, defendants submit the declaration of defendant Maynard, Acting Administrator at CSH, sworn April 14, 2008. (Doc. 19). Defendants contend that plaintiff has misinterpreted both the February 28, 2007 Memorandum and the State Court Declaration. Defendants contend that the February 28, 2007 Memorandum delays the disposition of the handling of currently owned computers, stating that "[t]he disposition of existing individual owned equipment will be

---

[1] On May 20, 2008, plaintiff filed a motion to amend his complaint. (Doc. 21.) The court has not yet ruled on plaintiff's motion, nor has the amended complaint been screened by the court for sufficiency. 28 U.S.C. §§ 1915(e)(2), 1915A. However, plaintiff states that the new claims raised in his amended complaint are unrelated to his personal laptop computer issues discussed herein.

[2] The memorandum is dated February 28, 2007, not February 28, 2006. (Doc. 19, Maynard Decl., Exh.B).

2

1  discussed with the Patient Advisory Council for determination of further policy direction." (Doc. 19,
2  Maynard Decl., Exh. B).  Defendant Maynard attests that there will be no immediate changes to
3  Administrative Directive 654, and that there is no effort by CSH administration to confiscate existing
4  personal laptop computers at the present time (Id., ¶5, 6). Defendant Maynard further attests that the
5  Department of Mental Health ("Department") and CSH are working on possible amendments to the
6  laptop policy, but that to date, neither the Department, CSH administration, nor the Patient Advisory
7  Council have made any determination regarding changing the personal laptop policy.  (Id., ¶ 7).  If
8  changes are to be implemented the patients at CSH will be provided sufficient notice to voice any
9  concerns or objections to the policy change.  (Id., ¶ 7).  Further, defendants contend that the anticipated
10 removal of laptop computers in August 2007, as detailed in the State Court declaration, did not occur.
11 For these reasons, defendants argue that plaintiff cannot demonstrate that there is an imminent threat that
12 his laptop will be taken and that irreparable harm will result if his motion is denied.
13        Defendants further argue that plaintiff has not demonstrated a likelihood of success on the merits
14 because the court lacks subject matter jurisdiction over this action.
15        In reply, plaintiff argues that there is an actual or imminent threat of irreparable injury. Plaintiff
16 argues that the February 28, 2007 Memorandum "implies the strong possibility" of the confiscation of
17 plaintiff's laptop, which is supported by defendant Maynard's State Court Declaration (Doc. 20, p.6).
18 Plaintiff also refers to a memorandum issued February 27, 2008 by the Executive Director of CSH,
19 which states that the Department and CSH were working on possible amendments to the laptop policy.
20 (Doc.19, Maynard Decl., Exh. D).  Plaintiff contends that it is reasonable to assume that the defendants
21 are contemplating the confiscation of patients' personal laptop computers in the future. Plaintiff asserts
22 "[i]t is not a question of whether Plaintiff's laptop computer will be taken by the Defendants - it's a
23 matter of when it will be confiscated...the [motion materials filed] do not definitively demonstrate or
24 prove that the Defendants will not at some point in the near future confiscate plaintiff's laptop computer
25 arbitrarily..." (Doc 20, pp.6-8).

**Irreparable Injury**

27        Plaintiff "must demonstrate a significant threat of irreparable injury." Arcamuzi. Even if plaintiff
28 establishes a likelihood of success on the merits, "the absence of a substantial likelihood of irreparable

3

injury would, standing alone, make preliminary injunctive relief improper". Siegel v. LePore (11th Cir. 2000) 234 F3d 1163, 1176. In the present case, plaintiff filed his motion for injunctive relief in August 2007. The evidence submitted by the parties indicate that there existed a real and immediate threat that plaintiff's laptop would be confiscated at that time. However, the anticipated removal of laptops did not occur, and the defendants have stated that there is no pending effort to remove existing personal laptop computers. In his motion materials, plaintiff voices his concern that in the future defendants will again attempt to confiscate his laptop computer, without affording him an opportunity to respond, and despite defendants' assurance that patients will have proper notice of any change in policy regarding the existing laptop computers. While the court understands plaintiff's position, the establishment of a risk of irreparable harm in the indefinite future is not enough to warrant a preliminary injunction.

**Likelihood of Success on the Merits**

Defendants further argue that plaintiff cannot demonstrate a likelihood of success on the merits because the court lacks subject matter jurisdiction. Defendants contend that plaintiff lacks standing and that the matter is not ripe for review. Defendants note that the court may act *sua sponte*, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, to dismiss the case where there is a lack of subject matter jurisdiction.

Standing is an "essential and unchanging part of the case-or-controversy requirement of Article III". Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136. In a claim for injunctive relief, plaintiff bears the burden of showing an injury in fact, namely that the threatened future injury alleged in this action is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical". Id at 560, 112 S. Ct. 2136. Defendants contend that plaintiff has failed to provide any evidence that there is a current effort to remove plaintiff's laptop from his possession, and that his statements are conclusory and based on conjecture. In reply, plaintiff argues that it is reasonable to conclude from defendants' past behavior, and the fact that the Department and CSH have already purchased computers for patient use at CSH, that defendants will soon confiscate his laptop.[3] Plaintiff

---

[3] In the State Court Declaration, defendant Maynard attests that in August 2007, the CSH administration would initiate a new program where CSH would place five access controlled computers for individual access on each unit, and that patient laptop computers would be considered contraband and confiscated.

4

therefore contends that he has a concrete and particularized threat of future injury.

The court finds that plaintiff's statements in support of his motion for injunctive relief are based on speculation that the defendants will, in the future, confiscate his laptop. Plaintiff presumes that because defendants have purchased computers, that they will inevitably implement a policy requiring plaintiff to give up his laptop. Defendants have filed evidence stating that while amendments to the laptop policy are possible, there are no present efforts to confiscate existing personal laptop computers. Plaintiff has not met his burden in showing that the possibility that his laptop will be taken is anything but a hypothetical at this point. Plaintiff has not demonstrated an injury in fact and thus has not established standing to bring his claim.

The court also agrees that this matter is not ripe for review. The ripeness doctrine prevents premature adjudication; its purpose is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Association of American Medical Colleges v. U.S. (9th Cir, 2000), 217 F.3d 770, quoting Abbott Laboratories v. Gardner, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), (overruled on other grounds). The court must assess "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Id. at 149, 87 S.Ct. 1507.

In the present case, defendants argue that at this point, the parties do not know whether there will be a new directive that will effect the taking of plaintiff's laptop, and that until a decision is formalized, the parties cannot know whether plaintiff will even disagree with its terms. Plaintiff concedes that defendants have not yet completed their decision-making process, but asserts that the taking of his laptop is a "foregone conclusion" and that defendants intend to install state-owned computers and then confiscate his personal laptop.

It is premature and improper for the court to adjudicate this matter when a decision concerning changes to the policy on laptop ownership has not yet been formalized. The court cannot adjudicate a claim where the scope of the controversy is not yet developed, nor when there is not yet any concrete impact upon the parties. This matter is not yet ripe for judicial decision, and therefore the court lacks

5

subject matter jurisdiction.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action". Based on the court's findings that plaintiff lacks standing and that this matter is not ripe for review, the court lacks subject matter jurisdiction and shall recommend that plaintiff's claims for violation of the Due Process clause of the 14th Amendment, related to the potential confiscation of his laptop computer, be dismissed without prejudice.

**Conclusion**

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). Plaintiff has not met his burden as the party moving for the preliminary injunction and is not, at this time, entitled to this extraordinary remedy. The court therefore recommends that plaintiff's motion for a preliminary injunction enjoining defendants from confiscating his laptop computer be DENIED, without prejudice.

Further, based on the court's findings that plaintiff lacks standing and that this matter is not yet ripe for review, the court HEREBY RECOMMENDS that plaintiff's 14th Amendment claim concerning the potential confiscation of his laptop computer be DISMISSED, without prejudice, for lack of subject matter jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 11, 2008**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE