# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE N. ALLEN, Plaintiff, v. STEPHEN MAYBERG, et al., Defendants. | No. 1:06-CV-01801-BLW-LMB **ORDER** |
| RICK GONZALES, Plaintiff, v. CALIFORNIA DEPARTMENT OF MENTAL HEALTH, et al., Defendants. | No. 1:07-CV-00427-BLW |
| RAYMOND AMEDEO, Plaintiff, v. STEPHEN MAYBERG, et al., Defendants. | No. 1:07-CV-00834-BLW |

| | |
|---|---|
| MANSFIELD R. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:07-CV-00849-BLW |
| WAYNE P. DeBERRY,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:07-CV-00850-BLW |
| DON D. McNEAL,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:07-CV-00851-BLW |

| | |
|---|---|
| HENRY C. SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:07-CV-00897-BLW |
| LAWRENCE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:07-CV-00913-BLW |
| FRED SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:07-CV-00985-BLW |

| | |
|---|---|
| LAWTIS D. RHODEN,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:07-CV-01151-BLW |
| HAROLD E. CARMONY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF MENTAL HEALTH, et al.,<br><br>Defendants. | No. 1:07-CV-01558-BLW |
| ELDRIDGE CHANEY,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:08-CV-01196-BLW |

On March 16, 2009, Hon. B. Lynn Winmill consolidated eleven cases for ease of administration. *Order* (Docket No. 24). Judge Winmill further ordered that Defendants identify any substantially similar claims that have not been consolidated with this action. Finally, Judge Winmill ordered that the case be stayed pending Defendants' response.

**ORDER - 4 -**

Since that time, both Plaintiffs and Defendants have responded. (Docket Nos. 25–29). Defendants notified the Court of two claims that could be consolidated with this action. *Defendant's Response* (Docket No. 25). Additionally, Defendants argue that one of the consolidated claims, *Rhoden v. Mayberg*, should be severed from this action as not substantially related. *Id*. Further, Defendants argue that *Fred Scott v. Mayberg* be dismissed in accordance with a previous order. In a collective response, Plaintiffs request that no cases be severed or dismissed and further seek class certification.[1] *Plaintiff's Response* (Docket No. 26).

On February 5, 2010, Judge Winmill lifted the stay and directed the undersigned to address the pending administrate and procedural issues of the undying claims. Having fully considered the submissions of the parties, the Court enters the following Order.

A. **Consolidated Cases**

1. *Gonzales v. California Department of Mental Health, et al.*

In response to Judge Winmill's Order, Defendants identified *Gonzales* as a case appropriate for consolidation. (Docket No. 25). Therein, Defendants request, and Plaintiffs agree that *Gonzales* should be consolidated with Plaintiffs' claims. Consistent with Judge Winmill's consolidation order and the undersigned's own review of the record, *Gonzales v. Cal. Dept. of Mental Health*, 1:07-CV-00427-AWI-WMW will be consolidated with this action. For administrative purposes only, the court will deny without prejudice to refiling the unresolved motions currently pending in that case. Finally, any further filings should be filed only under the lead case, *Allen v. Mayberg, et al.*, 1:06-CV-01801-BLW-LMB.

---

[1] Plaintiffs' request for certification will be addressed in a subsequent order.

**ORDER - 5 -**

### 2. *Rhoden v. Mayberg, et al.*

Defendants request that Plaintiff Rhoden's case not be consolidated for administrative purposes. Defendants argue that, despite some similar issues, Rhoden's claim is unique. Additionally, Defendants point to the fact that dispositive motions in *Rhoden* have been fully briefed, and argue that it would be more expeditious to sever *Rhoden* from the consolidated case. On January 11, 2010, Plaintiff Rhoden agreed and filed a motion requesting the court sever his case from the consolidated group. Accordingly, good cause having been shown, Plaintiff Rhoden's claim will be severed from the consolidated case and the pending proceedings will be reinstated.

### 3. *Fred Scott v. Mayberg, et al.*

*Fred Scott v. Mayberg, et al.*, was reassigned to Chief Judge B. Lynn Winmill on January 16, 2009. Prior to that reassignment, Magistrate Judge Gary S. Austin entered a screening order dismissing Scott's Complaint with leave to amend. *Order* (Docket No. 9). When the Court mailed Scott the order, it appears that he refused acceptance. A second attempt at mailing the order was also unsuccessful.

Local Rule 83-182 states that "[e]ach party appearing in propria persona is under a continuing duty to notify the Clerk and all other parties of any change of address by filing separate notice; absent such notice, service at prior address shall be fully effective." *See Notice* (Docket No. 3). Accordingly, Plaintiff Scott is directed to either accept mail from the Court or promptly file a notice of address change. Failure to comply with this order will result in dismissal of the claim without notice. Further, Scott is directed to comply with the requirements of the *Screening Order* or risk summary dismissal of his complaint.

**ORDER**

In accordance with the foregoing, IT IS HEREBY ORDERED:

1. *Gonzales v. California Deptartment of Mental Health*, 1:07-CV-00427-AWI-WMW is consolidated with this action. For administrative purposes only, the motions currently before the court in *Gonzales* are DENIED WITHOUT PREJUDICE;

2. The order consolidating *Rhoden v. Mayberg, et al.*, 1:07-CV-01151-BLW is RESCINDED. All pending proceedings in that case are REINSTATED; and

3. The Clerk of the Court is directed to serve Plaintiff Fred Scott (*Scott v. Mayberg*, et al., 1:07-CV-00985-BLW) with the previously entered *Screening Order* (Docket No. 9). Plaintiff Scott is directed to notify the court of an updated address or accept mail from the Court. Failure to comply with the requirements of the Screening Order by February 19, 2010, will result in summary dismissal of Plaintiff Scott's claim.

DATED: **February 7, 2010**.

Honorable Larry M. Boyle
United States Magistrate Judge