UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWTIS DONALD RHODEN,

                    Plaintiff,

        v.

STEPHEN W. MAYBERG, BEN
McCLAIN, GEORGE MAYNARD,
NORM KRAMER, CYNTHIA A.
RADAVSKY, and PAM AHLIN,

                    Defendants.

Case No. 1:07-cv-1151-BLW-LMB

**REPORT AND
RECOMMENDATION**

Now pending before the Court is Defendants' *Motion to Dismiss* (Docket No. 36).

Having reviewed the record, Plaintiff's *Amended Complaint* (Docket No. 28) and the

parties' briefs, the Court enters the following report and recommendation.

## SUMMARY

Plaintiff Lawtis Donald Rhoden ("Rhoden") is a civilly committed sexually violent

predator ("SVP") being housed at Coalinga State Hospital ("CSH").  Plaintiff claims

Defendants violated his Fourteenth Amendment rights by failing to provide unfettered

access to a smoke-free outdoor exercise area.  At the time Plaintiff filed his amended

complaint, he had access to a "smoker's courtyard" three to four times a week and access

to an indoor gymnasium for regular exercise.  Apparently, due to the design of the smoker's courtyard, when Rhoden ran or walked around the perimeter, he breathed other patients' cigarette and cigar smoke.  Rhoden further complaints of being burned by hot cigarette and cigar ashes on several occasions.  In his amended complaint, Rhoden sought daily access to a nearby track and softball field for daily exercise.  Rhoden seeks $1.6 million in compensatory damages and $2.2 million in punitive damages.  Rhoden further seeks injunctive relief in the form of a declaration that his Constitutional rights were deprived and an order that CSH provide him with daily access to the nearby softball/track area for a minimum of three hours per day, regardless of weather conditions.  Since the time Rhoden filed his amended complaint, CSH converted entirely to a non-smoking facility.

Defendants move for dismissal on five grounds.  First, because CSH has converted to a non-smoking facility, Defendants argue that the Court no longer possess subject matter because the matter is moot.  Second, also because CSH is now non-smoking, Defendants argue that Plaintiff cannon demonstrate any facts that support his claims for injunctive and declaratory relief.  Third, Defendants argue that claims for damages against Defendants in their official capacity are barred by the Eleventh Amendment.  Fourth, Defendants submit that Defendant Mayberg is immune from suit prusuant to the Eleventh Amendment.  Finally, Defendants argue that they are entitled to qualified immunity, as sued in their individual capacity.

**REPORT AND RECOMMENDATION - 2 -**

In response, Rhoden concedes his claims for declaratory and injunctive relief. Further, Rhoden concedes his claims against Defendants in their official capacities, but not in their personal capacities.  Rhoden, however, disputes Defendants' contentions regarding the Court's subject matter jurisdiction and arguments regarding qualified immunity.  Because Rhoden concedes his claims for declaratory and injunctive relief and his claims against Defendants in their official capacities, those claims should be dismissed.

Defendants move for dismissal of Rhoden's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1).  The purpose of a motion to dismiss pursuant to 12(b)(6) is to test the sufficiency of the plaintiff's complaint.  A complaint should not be dismissed for failure to state a claim under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In reviewing a case for dismissal, the Court is required to treat all allegations of material fact as true and to construe them in a light most favorable to the non-moving party.  *Id*. (quoting *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985).

While not appropriate for every case, "government officials are entitled to raise the qualified immunity defense immediately, on a motion to dismiss the complaint, to protect against the burdens of discovery and other pre-trial procedures."  *Kwai Fun Wong v. United States*, 737 F.3d 952, 957 (9th Cir. 2004) (citing *Behrens v. Pelletier*, 516 U.S.

REPORT AND RECOMMENDATION - 3 -

299, 308 (1996)).  However, qualified immunity cannot be resolved without first deciding

the scope of the constitutional rights at stake.  *Saucier v. Katz*, 533 U.S. 194, 200 (2001).

Here, there is no dispute that Rhoden is raising his constitutional right to fresh air and

regular outdoor exercise.  Accordingly, a qualified immunity determination at this stage is

appropriate.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 813–15 (1982).

### A.  Qualified Immunity

"[G]overnment officials performing discretionary functions [are entitled to] a

qualified immunity, shielding them from civil damages liability as long as their actions

could reasonably have been thought consistent with the rights they are alleged to have

violated."  *Anderson v. Creighton*, 483 U.S. 635, 638 (1987) (citations omitted); *see also*

*Richardson v. McKnight*, 521 U.S. 399, 407-08 (1997); *Sorrels v. McKee*, 290 F.3d 965,

969 (9th Cir. 2002).

Qualified immunity is only an immunity from suit for damages, it is not an

immunity from suit for declaratory or injunctive relief.  *See Hydrick v. Hunter*, 500 F.3d

978, 988 (9th Cir. 2007); *L.A. Police Protective League v. Gates*, 995 F.2d 1469, 1472

(9th Cir. 1993); *Am. Fire, Theft & Collision Managers, Inc. v. Gillespie*, 932 F.2d 816,

818 (9th Cir. 1991).

In § 1983 actions, the doctrine of qualified immunity protects state officials from

personal liability for on-the-job conduct so long as the conduct is objectively reasonable

and does not violate an inmate's clearly-established federal rights.  *Harlow v. Fitzgerald*,

457 U.S. 800, 818 (1982) (citations omitted).  Contrarily, a state official may be held

**REPORT AND RECOMMENDATION - 4 -**

personally liable in a § 1983 action if he knew or should have known that he was

violating a plaintiff's clearly-established federal rights. *Id.* True to its dual purposes of

protecting state actors who act in good faith and redressing clear wrongs caused by state

actors, the qualified immunity standard "gives ample room for mistaken judgments by

protecting all but the plainly incompetent or those who knowingly violate the law."

*Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

The threshold question in considering application of qualified immunity is

whether, "[t]aken in the light most favorable to the party asserting the injury, . . . the facts

alleged show the [defendant's] conduct violated a constitutional right." *Saucier v. Katz*,

533 U.S. at 201 (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). If, viewing the

alleged injuries in a light most favorable to the plaintiff, the Court finds that a

constitutional right appears to have been violated, it proceeds to the next step, which is to

inquire whether the right was clearly established. *Id.* "Unless the plaintiff's allegations

state a claim of violation of clearly established law, a defendant pleading qualified

immunity is entitled to dismissal before the commencement of discovery." *Mitchell v.*

*Forsyth*, 472 U.S. 511, 526 (1985) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818

(1982)).

To determine whether the right was clearly established, a court turns to Supreme

Court and Ninth Circuit law existing at the time of the alleged act. *Osolinski v. Kane*, 92

F.3d 934, 936 (9th Cir. 1996) (citation omitted). In the absence of binding precedent,

district courts should look to available decisions of other circuits and district courts to ascertain whether the law is clearly established.  *Id.*

The inquiry of whether a right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. at 201.  For the law to be clearly established, "[t]he contours of the right" must be sufficiently clear that a reasonable official would understand that his conduct violates that right. *Anderson v. Creighton*, 483 U.S. 635 (1987).  It is not necessary that the "very action in question has previously been held unlawful, . . . but it is to say that in the light of preexisting law the unlawfulness must be apparent" to the official.  *Id.*  "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [defendant] that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. at 194-95 (citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999)).  Application of qualified immunity is appropriate where "the law did not put the [defendant] on notice that his conduct would be clearly unlawful.  *Id.*, 533 U.S. at 195.

Exercise is one of the basic human necessities protected by the Eighth Amendment.[1] *Wilson v. Seiter*, 501 U.S. 294, 304 (1991).  "[T]he denial of fresh air and

---

[1]  While Rhoden raises claims under the Fourteenth Amendment in his amended complaint, the Court liberally construes his challenge as made under the Eighth Amendment, as the right to regular exercise has been held to be a right only under the Eight Amendment. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (nothing that courts must liberally construe civil rights actions filed by pro se litigants, so as not to close the courthouse doors to those truly in need of relief).

regular outdoor exercise and recreation constitutes cruel and unusual punishment." *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir.1979).  Some form of regular exercise, including outdoor exercise, "is extremely important to the psychological and physical well being" of prisoners.  *See Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir.1979).  Prison officials therefore may not deprive prisoners long-term of regular outdoor exercise.  *Id*.

The denial of fresh air and regular outdoor exercise constitutes cruel and unusual punishment in violation of the Eighth Amendment, unless "inclement weather, unusual circumstances, or disciplinary needs" make the provision of such exercise impossible. *Id*. In *Spain*, in the face of a five-month deprivation of exercise, the Ninth Circuit held that "outdoor exercise [for] one hour per day, five days a week" was sufficient to satisfy the Eighth Amendment.  *Id*; *see also Allen v. Sakai*, 48 F.3d 1082 (9th Cir.1995) (finding a six-week deprivation of exercise violated Eighth Amendment, despite logistical difficulties).

In *Saucier*, 533 U.S. 194, the Supreme Court mandated a two-step analysis to resolve government officials' claims of qualified immunity.  First, the court must decide whether the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6)) make out a violation of a constitutional right.  533 U.S. at 201.  Second, if the plaintiff has satisfied this first step, the court must then decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct.  *Id*.  "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." *Pearson v. Callahan*, 129 S.Ct. 808, 816 (2009).

REPORT AND RECOMMENDATION - 7 -

Assuming *arguendo* that Rhoden's deprivation of smoke-free outdoor exercise constitutes a constitutional violation, the question is whether a reasonable prison official would have recognized that such a deprivation was unlawful in the situation that Defendants faced.  Here, the undisputed circumstances were as follows: (1) Rhoden was never completely deprived of outdoor exercise; (2) Rhoden was provided daily access to indoor workout facilities; (3) the deprivation of access to the softball/track area was due to specific security and inclement weather concerns; and (4) Defendants never outright denied Rhoden's request for smoke-free outdoor areas, as illustrated by the fact that CSH is now a non-smoking facility.

The conditions of confinement Rhoden faced were far less severe than the twenty-four-hour solitary confinement in *Sakai*. 48 F.3d at 1087.  Rhoden's deprivation was far shorter than the almost five-year deprivation found lawful in *Lemaire*. 12 F.3d at 1457.  Therefore, it would not be clear to a reasonable prison official that it was unlawful to not provide Rhoden access to smoke-free outdoor exercise under the circumstances present here.

The Court finds that Rhoden's amended complaint should be dismissed based on Defendants' qualified immunity defense.  Accordingly, Defendants' motion to dismiss should be granted.

## RECOMMENDATION

Accordingly, it is RECOMMENDED:

1.      Defendants' *Motion to Dismiss* (Docket No. 36) be GRANTED and

      Rhoden's *Amended Complaint* (Docket No. 28) be DISMISSED;

2.      Rhoden's *Motion Requesting the Court not Consolidate* (Docket No. 43);

      *Motion Requesting a Second Informational Order* (Docket No. 45); and

      *Motion for an Expedited Ruling* (Docket No. 46) be DENIED as MOOT.



DATED:  **August 26, 2010**.

Honorable Larry M. Boyle
United States Magistrate Judge